Elworthy was in execution at the suit of one Short, and he entered into an obligation to the marshal, Sir George Reynel, to be a true prisoner and not to escape. Elworthy, after this, escaped, and the marshal put the obligation in suit. Elworthy pleaded that the obligation was made for care and favor, and therefore is void, by 23 H. 6, p. 147. Sir George Reynel
replied that the obligation was in these words: To be a true prisoner andnot to make escape; and that there were no words for ease and favor; and the jury found it so.
Davenport, Serj., argued for Sir George that the obligation is not void, according to that statute, because it appeared to him that a marshal is not an officer within that statute. And he said further, that a person imprisoned is in the custody of the law, and it is against his allegiance to escape. 3 Rep., 44, and 52b. And the obligation in this case is for a lawful thing, because he ought to have been a true prisoner, according to law, and therefore an obligation for his true imprisonment is good. I confess that if it had been for ease and favor it would be void by this statute; for ease to the prisoner is contrary to law, which requires him to be kept in salva et arcta custodia, that he may be sooner induced to pay his debts. But the jury have discharged us of this, because they have found it was not for ease and favor, but for his true imprisonment; and there is no case against us, but one expressly for us. H. 19; Jac., B. R., rot., 1202. Sir Thomas Periot's case, which is exactly like this, and H., 20; Jac., 706; and H., 17; Jac., 1276, 576, are also in point, and prove that all obligations taken by sheriffs, etc., are not void. 23 H., 6. See 10 Rep., 99; 21 H., 7, 16; Dyer, 323, 324. Observe that the books which say that the sheriff cannot take an obligation for ease and favor, refer only to such cases where one is arrested on a mesne process, and therefore bailable by law, and not of such where one is imprisoned under an execution. See more of this case, postea, p. 733; Poph., 165.